# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD ALLEN FRIEBERG, N.M.D.,**

    **Plaintiff,**

vs.                                                             Case No. 4:05cv177-RH/WCS

**JOHN O. AGWUNOBI, in his
OFFICIAL CAPACITY AS SECRETARY,
FLORIDA DEPARTMENT OF HEALTH,
and LARRY McPHERSON, in his
OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE FLORIDA
BOARD OF MEDICINE,**

    **Defendants.**

_____/

# O R D E R

Plaintiff, proceeding *pro se*, has filed motion for a case management conference under FED. R. CIV. P. 16(b).  Doc. 21.  Plaintiff's motion is denied.

Plaintiff initially filed a complaint on May 26, 2005.  Doc. 1.  Defendants responded to the complaint by filing a motion to dismiss.  Doc. 13.  Plaintiff then sought additional time in which to file a response, indicating he intended to file "an extensive memorandum citing principles of law."  Doc. 15.  Plaintiff thereafter filed an amended complaint on September 14, 2005, adding as additional Defendants, Florida Attorney General Charles Crist, and State Attorney for Florida's Second Judicial Circuit, William

Meggs.  Doc. 18.  The basis of Plaintiff's lawsuit is his challenge to the Naturopathy Practice Act, FLA. STAT. §§ 462.023, 562.2001, and Plaintiff's assertions that this Act violates the dormant Commerce Clause, the Fourteenth Amendment, and the First Amendment of the federal Constitution.  *Id.*  Pursuant to Rule 15(a), a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served . . . ."  FED. R. CIV. P. 15(a).  Plaintiff is entitled to amend his complaint as Defendants had filed only a motion to dismiss which is not a "responsive pleading" as defined by the Rules of Civil Procedure.  Defendants Agwunobi and McPherson have been given until October 10, 2005, to file a response to the amended complaint.  Docs. 17, 20.[1]  In light of Plaintiff's amended complaint, Defendants' motion to dismiss, doc. 13, is denied as moot.

Because Defendants have not yet filed a response to Plaintiff's amended complaint, there is no need for a case management conference.  Plaintiff's motion, doc. 21, is denied.  Furthermore, it is likely that Defendants will again respond with a motion to dismiss as they did originally and, presumably, reassert the argument that the complaint fails to state a claim under cases such as <u>Idaho Ass'n of Naturopathic Physicians, Inc. v. U. S. Food and Drug Administration</u>, 582 F.2d 849 (4th Cir. 1978), *cert. denied* 440 U.S. 976 (1979), and the like.  Until either an Answer to the amended complaint is filed, or a motion to dismiss is resolved, there is no need to direct discovery and waste resources if an action cannot proceed.  Plaintiff is advised that if the Defendants file a motion to dismiss and it is denied, or if Defendants respond by filing

---

[1] The docket does not yet reflect that service of process has yet been completed on Defendants Crist and Meggs.

an Answer, an initial scheduling order will be immediately entered by the Court *sua sponte* and there is no need for Plaintiff to file a motion.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' motion to dismiss, doc. 13, is **DENIED as moot**.

2. Plaintiff's motion for a case management conference under FED. R. CIV. P. 16(b), doc. 21, is **DENIED**.

3. The Clerk of Court shall return this file to the undersigned upon Defendants filing of a response to the amended complaint, or no later than October 10, 2005.

**DONE AND ORDERED** on September 28, 2005.

                                             s/    William C. Sherrill, Jr.
                                             **WILLIAM C. SHERRILL, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**