**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICHARD ALLEN FREIBERG,**

    **Plaintiff,**

vs.                                                    Case Number 4:05cv177-RH/WCS

**DR. M. RONY FRANCOIS, et al.,\***

    **Defendants.**

    _____/

**O R D E R**

Recently, the *pro se* Plaintiff was permitted to file a second amended complaint which mooted the motions to dismiss which had been filed in respond to the first amended complaint.  *See* doc. 36.  Defendants have been given until January 17, 2006, to file a response to the second amended complaint.  *Id.*

Plaintiff has now filed a motion for partial summary judgment.  Doc. 37.  Beyond the incorporated memorandum of law, Plaintiff has provided only two paragraphs as supporting grounds.  One of those paragraphs is simply boiler-plate language asserting that "there is no genuine issue of material fact, and that the movant is entitled to partial judgment as a matter of law on the facial first amendment commercial free speech challenge of Florida Statute 462.17(5)."  Doc. 37, p. 2.  That is insufficient.  The other

paragraph provides even less facts, essentially only identifying one of Plaintiff's claims as a "facial challenge claiming that Florida Statute 462.17(5) violations the First Amendment because it is not narrowly tailored to achieve a substantial government interest." Doc. 37, p. 1.

Pursuant to N.D. Fla. Loc. R. 56.1, a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." *Id.* Plaintiff's motion is insufficient because it does not contain a statement of *any* facts. In submitting a challenge to the statute, Plaintiff must provide facts which show why he is challenging the statute, what the statute prohibits, why Plaintiff is harmed by that prohibition, why Plaintiff has standing to challenge the statute, and the like. Plaintiff must provide factual statements in support of his motion. Until Plaintiff provides the separate statement of material facts as directed by this Order, Defendants need not respond to the motion for partial summary judgment. As provided in the prior order, doc. 36, Defendants shall have until **January 17, 2006,** to file a response to the second amended complaint, doc. 34.

Accordingly, it is hereby

**ORDERED:**

1. Defendants are reminded that they have until **January 17, 2006**, in which to submit a response as appropriate to Plaintiff's second amended complaint. *See* docs. 34, 36.

2.  Plaintiff shall have until **January 17, 2006**, to submit a separate statement of material facts in support of his motion for partial summary judgment, doc. 37, as required by N.D. Fla. Loc. R. 56.1.

3.  The Clerk of Court shall return this file to the undersigned upon Plaintiff's filing of the statement of material facts, or no later than January 17, 2006.

**DONE AND ORDERED** on December 27, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**