# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RICHARD ALLEN FREIBERG, N.M.D.

    Plaintiff,

v.                                        CASE NO. 4:05cv177-RH/WCS

M. RONY FRANCOIS, etc., et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    This matter is before the court on the magistrate judge's report and recommendation (document 87) and the objections thereto (document 88). I have reviewed de novo the issues raised by the objections.

    The State of Florida licensed naturopathic practitioners prior to July 1, 1959. Since that time, the state has allowed practitioners to renew licenses that were issued prior to that time, but the state has refused to issue new licenses. *See* §462.08, Fla. Stat. The prohibition applies to Florida residents and non-residents alike. It is a felony for a person who does not hold a Florida license to "practice or advertise to practice naturopathy or use in connection with her or his name any

designation tending to imply or to designate the person as a practitioner of naturopathy." §462.17(5), Fla. Stat.

Plaintiff, a practitioner of naturopathy who resides in Florida but holds licenses only in Idaho and the District of Columbia, challenges this statutory scheme. He wishes to provide naturopathic services in Florida over the internet, and he asserts that Florida's ban on such activities unconstitutionally burdens interstate commerce. He asserts Florida's approach also violates the Constitution in other respects.

As correctly noted in the report and recommendation, nothing in the Constitution requires Florida to license practitioners of naturopathy (other than, perhaps, those already licensed, which Florida has done). Nothing in the Constitution requires Florida to authorize non-Florida-licensed practitioners of naturopathy to provide services in Florida that members of the public cannot provide. Nothing in the Constitution requires Florida to allow non-Florida-licensed practitioners of naturopathy to use a designation tending to imply—falsely—that the person holds a license to practice naturopathy in Florida.[1]

---

[1] Plaintiff's challenge to §462.17(5) dovetails with his challenge to the statutory scheme in general. Thus plaintiff asserts, in effect, that he should be able to hold himself out as a naturopathic physician authorized to practice in Florida because, plaintiff says, he *is* a naturopathic physician authorized to practice in Florida; the state's contrary view, he says, is unconstitutional. Because this

And nothing in the commerce clause requires Florida to treat persons holding licenses in other states better than unlicensed Florida residents in these respects.[2]

In his objections, plaintiff cites prominently to a study performed by legislative staff that, according to plaintiff, shows that licensure of naturopathic practitioners would be consistent with, not contrary to, the public interest. The answer is that policy decisions of this type are within the purview of the Florida legislature, so long as it acts within constitutional limits, as it has.

In his objections plaintiff also seems to assert this action is moot. He may base this assertion on a decision of a Florida intermediate appellate court affirming without opinion a decision of a Florida trial court addressing part of the naturopathy statute. If plaintiff's assertion is that the naturopathy statute has been invalidated, he is wrong. And whatever plaintiff's assertion, he has provided no

---

underlying premise is incorrect, plaintiff's challenge to §462.17(5) is unfounded. Plaintiff makes no separate claim that §462.17(5) prohibits truthful statements protected by the first amendment separate and apart from any entitlement to practice naturopathy in the state.

[2] This action presents no issue concerning the possible right to advertise in Florida services that will be provided and received elsewhere. *See Bigelow v. Virginia*, 421 U.S. 809, 824-25, 95 S. Ct. 2222, 44 L. Ed. 2d 600 (1975) ("A State does not acquire power or supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State. It may seek to disseminate information so as to enable its citizens to make better informed decisions when they leave. But it may not, under the guise of exercising internal police powers, bar a citizen of another State from disseminating information about an activity that is legal in that State.").

support for the assertion that this action is moot.  Nor has plaintiff moved for voluntary dismissal on any other basis.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED and adopted as the opinion of the court.

2.  Defendants' motions to dismiss (documents 41 and 42) are GRANTED.

3.  Plaintiff's motion for partial summary judgment (document 37) is DENIED.

4.  Plaintiff's motions for preliminary injunction and for leave to file documents electronically (documents 59 and 83) are DENIED.

5.  The clerk shall enter judgment stating, "The complaint is dismissed with prejudice."

6.  The clerk shall close the file.

SO ORDERED this 15th day of August, 2006.

                                           s/Robert L. Hinkle
                                           Chief United States District Judge